UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OZARK INTEREST, d/b/a CAMP OZARK,<br><br>Plaintiff,<br><br>v.<br><br>ARCH INSURANCE COMPANY, *et al*.<br><br>Defendants. | Case No. 22-51460<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING MOTION TO COMPEL
SUBPOENA COMPLIANCE (ECF NO. 1)**

**A.**

Ozark Interest, Inc., sues Arch Insurance Company and Camp Assure, LLC, in the Southern District of Texas (Case No. 4:21-CV-03778) in relation to Arch's decision to rescind Ozark's bulk purchase of Deluxe Plan insurance with "cancel for any reason" (CFAR) coverage during the COVID-19 pandemic. DocNetwork, Inc., which does business as CampDoc, maintained a website on which campers could opt into the Deluxe Plan.

Arch contends that, after it announced that it would stop offering the Deluxe Plan, CampDoc said it needed three days to remove the plan from

the website.  Arch says that Ozark, CampAssure, and CampDoc then colluded to market the Deluxe Plan as free insurance, leading to campers opting into the plan en masse within the three-day period before CampDoc removed the plan from the website.  According to Arch, this scheme would have allowed Ozark to avoid financial losses when campers cancelled because of the pandemic, and would have provided CampAssure and CampDoc with large commissions.  Arch says that, to unwind the scheme, it refunded Ozark for the premiums it had paid and rescinded the policies.  Ozark still refunded the campers, and then it sued Arch and CampAssure in Texas.

Arch served CampDoc with two subpoenas under Federal Rule of Civil Procedure 45 that are the subject of the motion to compel before this Court.  ECF No. 1; ECF No. 1-1; ECF No. 1-2; ECF No. 1-3; ECF No. 1-4.  The Honorable Matthew F. Leitman referred the motion to the undersigned under 28 U.S.C. § 636(b), and the Court held a hearing on February 24, 2023.  ECF No. 6.

## B.

The scope of discovery for a subpoena under Rule 45 is the same as under Federal Rule of Civil Procedure 26(b)(1).  *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich.

2018).  Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Despite having the same scope of discovery, Rule 45 differs from Rule 26(b)(1) in that a party serving a subpoena on a nonparty must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(d)(1).  Courts are required to enforce that duty and must quash or modify a subpoena that would subject the nonparty to undue burden.  Rule 45(d)(1) & (d)(3)(iv).

Arch served CampDoc, a nonparty to the Texas action, with two subpoenas that include a total of 45 requests for production of documents. ECF No. 1-2; ECF No. 1-4.  Arch argues in its motion and reply brief that CampDoc made improper objections to the discovery requests.  ECF No. 1; ECF No. 5.  CampDoc did make boilerplate and "without waiving" objections that did not specify whether documents were withheld based on the objections.  ECF No. 1-2; ECF No. 1-4.  The objections were thus

3

improper. See *Tchun v. 3M Co.*, No. 20-CV-12816, 2021 WL 5864016, at *1 (E.D. Mich. Oct. 18, 2021). But in focusing on CampDoc's objections, Arch puts the cart before the horse; it does little to explain how its document requests are relevant and says nothing about the proportionality factors.

Arch's failure to address proportionality is a critical omission because of the many avenues through which it has already secured discovery. Arch received discovery from Ozark and CampAssure—the other parties in the Texas action—before discovery closed in September 2022. "[C]ourts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408–09 (E.D. Mich. 2019). When denying a motion to compel compliance with a subpoena in *Baumer*, the court relied in part on Rule 26(b)(2)(C)(i), which requires a court to limit proposed discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* at 408.

Under *Baumer* and like authority, CampDoc had the right to resist producing documents that Arch could have obtained from the parties in the

4

Texas action. Instead, CampDoc produced documents responsive to most of Arch's requests, though it objected to producing the full scope of some document requests. ECF No. 1-2; ECF No. 1-4. CampDoc's "without waiving" objections were improperly stated, but the Court agrees that many of Arch's "any and all" document requests were overly broad. For example, Arch requested that CampDoc produce all contracts or agreements between CampAssure and CampDoc, and all documents describing communication between CampAssure and CampDoc "related to COVID-19." ECF No. 2-1, PageID.32-33. Arch did not limit those requests to documents related to Ozark or the events described in Ozark's complaint. *Id*. "While some subset of the documents sought in [Arch's subpoenas] are likely relevant to [the Texas] case, all of them are not." *Design Basics, LLC v. DJW & Assocs. of Michigan, Inc.*, No. 17-12272, 2019 WL 7584399, at *2 (E.D. Mich. Aug. 6, 2019).

CampDoc also produced its principal for an eight-hour deposition at Arch's request. When asked at the hearing what other relevant discovery CampDoc might possess that has not already been produced, Arch offered only speculation.

Arch justifies its nonparty subpoenas by pointing to its answer to Ozark's complaint, where Arch describes the alleged scheme between

5

CampDoc, Ozark, and CampAssure.  ECF No. 5; ECF No. 5-1.  In its amended complaint, Ozark also claims that CampDoc acted as Arch's agent.  *Ozark Interests*, 4:21-cv-03778, ECF No. 57.  But while CampDoc's actions are relevant to the Texas action, it remains a nonparty there, so Arch had a duty to reduce the burden its subpoenas would impose on CampDoc.  Rule 45(d)(1).  In dereliction of that duty, Arch requested that CampDoc produce a wide swath of documents that were obtainable from the other parties in the Texas action.

There is more.  Arch sues CampDoc in the Supreme Court of New York based on the same events at issue the Texas action.  *See* ECF No. 4-3.  Many of Arch's document requests in its subpoenas—the second subpoena especially—relate to CampDoc's actions and decisions and are directly relevant to Arch's claims that CampDoc engaged in wrongdoing.  ECF No. 1-2; ECF No. 1-4.  Those requests are more properly raised in the New York action, where CampDoc is a party.  In fact, CampDoc asserted at the hearing that it had already produced ample discovery in the New York action and Arch did not disagree.

In *Helena Agri-Enterprises*, the Sixth Circuit emphasized that the intent of the 2015 amendments to the discovery rules was to rein in the exorbitant costs, protracted time, and contention that have strained the civil

6

justice system.  *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021).  The court said, "Instead of facilitating costly and delay-inducing efforts to look under every stone in an e-discovery world populated by many stones, the new rule 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'"  *Id.* at 274 (quoting John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 6 (2015)).  Common sense informs the Court that requiring CampDoc to look under more stones for documents would be disproportionate to the needs of the Texas action given the discovery already provided to Arch.

## C.

The Court **DENIES** Arch's motion to compel, ECF No. 1.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 28, 2023

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
